492 A.2d 439
**John R. HURLEY, Appellee,**
v.
**Thelma I. HURLEY, Appellant.**
Superior Court of Pennsylvania.
Argued Sept. 19, 1984.
Filed May 3, 1985.

Judith A. Calkin, Harrisburg, for appellant.

Leslie M. Fields, York, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

The issue in this appeal is whether a verdict for personal injuries sustained by a spouse prior to separation, where the verdict is recovered and satisfied by payment after separation, is marital property for purposes of effecting equitable distribution between the spouses. The trial court held the verdict to be marital property and included the proceeds in its decree of distribution. We reverse.

John Hurley (appellee) and Thelma Hurley (appellant) were married in 1955, separated in January, 1981, and divorced in 1983. At the time of hearings in the divorce action, the husband earned $310.53 per week as Chief of Police of the Borough of Wormleysburg; and the wife received a salary of $112.42 per week doing clerical work in the offices of Commercial Union Insurance Companies. Marital property was held by the trial court to include proceeds from the sale of a home, a vacation cottage, cemetery lots, husband's pension, which had a present value of $27,760, and wife's recovery of ·$28,131.80 for personal injuries sustained prior to separation. The court awarded the entire pension to husband and the entire personal injury recovery to wife. Husband was also awarded the vacation cottage, some of the cemetery lots and approximately one-third of the proceeds from the sale of the home. Wife was awarded some of the cemetery lots and approximately two-thirds of the proceeds from the sale of the home. On

appeal, the wife argues that the recovery of damages for personal injuries was not marital property, that husband's vested pension should have been divided between them, and that the court otherwise erred in decreeing distribution.

In *Platek v. Platek*, 309 Pa.Super. 16, 21–23, 454 A.2d 1059, 1061–1062 (1982), this Court reviewed the legislative history of the Divorce Code of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq., and concluded that settlement proceeds recovered during marriage because of personal injuries sustained by one of the spouses were marital property and subject to equitable distribution. In the instant case, the cause of action arose and a civil action was commenced while the parties were living together, but the action was tried and a verdict recovered following separation but prior to divorce. The recovery was limited, by language inserted by the jury in the verdict slip, to damages sustained by the wife. No damages were awarded to the husband. The wife's damages consisted of pain, suffering and disfigurement.

Section 401(f) of the Divorce Code, 23 P.S. § 401(f) provides as follows:

(f) All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e).

Subsection (e) provides:

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

(2) Property excluded by valid agreement of the parties entered into before, during or after the marriage.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

(4) *Property acquired after separation until the date of divorce,* provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce.

(5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce are commenced.

(6) Veterans' benefits exempt from attachment, levy or seizure pursuant to the act of September 2, 1958, Public Law 85–857, 72 Statute 1229, as amended, except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's Compensation.

(7) Property to the extent to which such property has been mortgaged or otherwise encumbered in good faith for value, prior to the time proceedings for the divorce are commenced.

(Emphasis added).

Modern decisions suggest that the term "property" refers generally "to rights of action arising out of tort as well as contract, whether such right of action is for injury to the person or to property." 73 C.J.S. *Property* § 22 (1983). Decisions in Pennsylvania, however, have held that there are significant property differences which distinguish unliquidated personal injury claims from claims based on contract. As a general rule, personal injury claims in tort are not assignable. *Demmery v. National Union Fire Insurance Co.,* 210 Pa.Super. 193, 197, 232 A.2d 21, 23 (1967). "A right of action strictly personal is not assignable and the general doctrine is, both in law and equity, that a right of action for a pure tort is not the subject of assignment.... Such a right does not seem to us to be a property right, capable of assignment, prior to liquidation...." *Sensenig v. Pennsylvania Railroad Co.,* 229

Pa. 168, 172, 78 A. 91, 91–92 (1910). See also: *Sniderman v. Nerone*, 336 Pa. 305, 9 A.2d 335 (1939), *affirming per curiam*, 136 Pa.Super. 381, 7 A.2d 496 (1939). A personal injury claim in tort, as a general rule, remains unliquidated until such time as it is reduced to a definite amount by verdict or agreement to settle.

■■■■ Did the legislature intend to require that a spouse's unliquidated claim for personal injuries in tort be deemed marital property? We think not. In the first place, the Pennsylvania courts have been reluctant, as we have observed, to attach a complete panoply of property rights to such a claim. Secondly, to require a court to distribute an unliquidated personal injury claim between spouses would introduce a degree of speculation not conducive to that economic justice which the legislature has attempted to achieve. Only after an unliquidated claim for personal injuries has become liquidated by settlement, verdict, or otherwise should it be deemed "marital property" and become subject to distribution between the spouses. Appellant's claim for personal injury in the instant case became liquidated by verdict after the parties had separated. We conclude, therefore, that appellant's recovery of damages for personal injuries in this case was not marital property which the court could properly divide between the parties. It represented property acquired after separation.

Because the trial court concluded that the wife's tort recovery was marital property and balanced it against husband's pension, it will be necessary that we remand for further consideration. In effecting an equitable distribution to achieve economic justice between the parties, however, the trial court need not close its eyes to appellee's recovery. We hold only that the proceeds thereof are not marital property subject to distribution between the parties.[1]

1. Due to our holding, it is unnecessary that we consider wife's arguments that this court should adopt the approach utilized in *Amato v. Amato*, 180 N.J.Super. 210, 434 A.2d 639 (1981) and in many community property states where the marital estate, the injured spouse and

■ Appellant contends that the trial court erred in considering as marital property the sum of $5,185 given by husband to wife to assist in purchasing a mobile home. Wife argues that this was a gift and should not have been considered in the court's calculations for purposes of effecting equitable distribution. We disagree. The court found that this sum had been transferred in an attempt to facilitate a property settlement. The trial court said:

> Moreover, the circumstances surrounding this transaction only support the conclusion that this sum was no gift. At the time plaintiff [Mr. Hurley] gave defendant [Mrs. Hurley] this sum, the parties were separated and the original divorce complaint had been filed. The parties' relationship during this time certainly was not amicable and, as the purpose of a gift is to provide happiness and goodwill to the recipient, it is inconceivable that plaintiff would have intended to make a gift of $5,000 to his wife. These circumstances, together with plaintiff's testimony, found credible by the master, that he understood the payment to be a property settlement, convince us that the payment was properly included in defendant's marital property.

The court's finding is fully supported by the evidence; and we find therein no abuse of discretion.

Upon remand, the trial court will be able to resolve any error or ambiguity regarding the division in kind of cemetery lots owned by the parties and may otherwise alter or amend its decree to achieve economic justice between the parties.[2] "[T]here is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case.... Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions. The concept of equitable distribution is not [necessarily] an equal division of marital

the uninjured spouse each are compensated separately for their respective losses by apportioning the tort recovery.

2. In effecting distribution of husband's vested pension rights, the trial court may be guided by this Court's decision in *King v. King*, 332 Pa.Super. 526, 481 A.2d 913 (1984).

property." *Semasek v. Semasek*, 331 Pa.Super. 1, 11, 479 A.2d 1047, 1052 (1984).

Reversed and remanded for reconsideration and the entry of a decree of distribution consistent with the foregoing opinion. Jurisdiction is not retained.