# Smith v. Smith

*Andrew Brown,* for plaintiff.
No appearance for defendant.

KUHN, *J.*, August 16, 1989 — The parties, James R. Smith and Brenda L. Smith, are engaged in protracted divorce litigation. One of the issues to be resolved is whether proceeds from a certain wrongful death action is marital property.

The parties were married on February 20, 1979, and were finally separated on April 11, 1988. Husband fathered a child, Raymond Smith, from a prior marriage. On December 2, 1985, Raymond Smith, then age 25, was killed in a construction accident in Dallas, Texas. Husband joined in litigation regarding his son's untimely death. On or about October 20, 1988, husband received $62,806.08 as net proceeds from settlement of his action. Of this sum husband designated $15,000 to be paid to his divorce lawyer. Court approval of the settlement was signed by a Texas judge on November 11, 1988.

Husband filed the parties' divorce action in Ad-

ams County on May 31, 1988, and wife answered September 12, 1988. However, the parties appeared in York County to pursue the divorce and on September 21, 1988, husband was ordered by Honorable Sheryl Dorney of York County to place all settlement funds in escrow with his counsel. On December 6, 1988, Judge Dorney dismissed the York County action and the proceedings were returned to Adams County.

On September 6, 1988, wife filed a petition for special relief in our court seeking, inter alia, an order directing husband to place all proceeds of the accident settlement in escrow pending equitable distribution. A hearing was set for October 24, 1988, but was not held because of the transfer of the divorce to York County. On January 5, 1989, we ordered the matter set for hearing on January 23, 1989. Husband filed an answer on January 17, 1989.

On December 19, 1988, without knowing the amount of husband's settlement, wife filed a petition for temporary order that all settlement proceeds be deposited with the prothonotary. After review of the petition, in which she alleged her poor financial condition, a pending sheriff's sale of marital real estate, and a belief that husband might leave Pennsylvania, we directed husband and his counsel to make that deposit within five days. Counsel responded properly but husband has yet to make any deposit.

On January 4, 1989, wife filed a petition for alimony pendente lite, counsel fees, costs and expenses. Hearing on this matter was also set for January 23, 1989.

On January 9, 1989, husband filed an action for declaratory judgment seeking a ruling that the settlement proceeds do not constitute marital property.

We have held hearings on the above petitions on

January 23, April 18, April 20, June 7, and June 8, 1989, without completion of the testimony. Hearings scheduled for July 20, 1989, and August 4, 1989, were continued because husband filed bankruptcy and refused wife's request to lift the stay of all proceedings resulting from said filing. However, because we are in a position to decide whether the settlement proceeds are marital property, whether those funds can be held in escrow and drawn upon for alimony pendente lite, and to expedite matters at the parties' request, we have written this opinion.

The first issue presented is whether proceeds from a wrongful death action which accrued during the course of the marriage by a husband, who is the natural father of the decedent, is marital property. Based upon our research this is a case of first impression in Pennsylvania.

In section 401(d) of the Divorce Code, 23 P.S. §401(d), the legislature gave the courts authority to equitably divide and distribute marital property. The term "marital property" is defined as all property acquired by either party during the marriage except eight specifically enumerated types of property. 23 P.S. §401(e). Section 401(f) further provides that:

"All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e)."

Exception no. 8 in section 401(e) is the only place where settlement proceeds are specifically mentioned, wherein it excepts from marital property:

"(8) Any payment received as a result of an award

or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received."

Wife argues that because the wrongful death cause of action accrued during marriage and the proceeds are not otherwise excluded by section 401(e) the proceeds are marital property. Husband contends that because wife had no right to seek redress for Raymond Smith's death under Texas law nor to inherit from his estate as a stepmother an absurd result would be effected by declaring the proceeds to be marital property. He also suggests that such proceeds are more akin to an inheritance which would be excluded as marital property. Section 401(e)(3).

Our courts had occasion to discuss settlement proceeds in the context of marital property in several cases. In *Platek v. Platek*, 309 Pa. Super. 16, 454 A.2d 1059 (1982), the wife had been injured during the course of the marriage and sued for her injuries. Proceeds of settlement were received prior to separation. The wife argued that those proceeds were not marital property as they were property "acquired in exchange for property acquired prior to the marriage." Section 401(e)(1). Instead, the court held that the legislature never intended to except the proceeds of the settlement of a personal-injury claim. The function of a body part was not considered to be property acquired prior to marriage, therefore, a settlement for loss of that function would not be the type of exchange contemplated by section 401(e)(1).

In *Hurley v. Hurley*, 342 Pa. Super. 156, 492 A.2d 439 (1985) the issue was whether a verdict for personal injuries sustained by a spouse prior to separation, where the verdict is recovered and sat-

isfied by payment after separation, is marital property. In holding that these proceeds were not marital property the court found the significance in the claim's unliquidated status at the time of separation. The *Hurley* court noted that:

"Only after an unliquidated claim for personal injuries has became liquidated by settlement, verdict, or otherwise should it be deemed 'marital property' and become subject to distribution between the spouses. [The wife's] claim for personal injury in the instant case became liquidated by verdict after the parties had separated. We conclude, therefore, that [the wife's] recovery of damages for personal injuries in this case was not marital property which the court could properly divide between the parties. It represented property acquired after separation." *Hurley* at 161, 492 A.2d at 442.

Importantly, however, the court did observe that:

"Modern decisions suggest that the term 'property' refers generally 'to rights of action arising out of tort as well as contract, whether such right of action is for injury to the person or to the property.' 73 C.J.S. Property, §22 (1983)." *Hurley* at 160, 492 A.2d at 441.

However, section 401(e)(8), added February 12, 1988, appears to embody the legislative response to the holding in the *Hurley* decision. As noted above, that section only excepts from the definition of marital property proceeds from causes of action accruing before marriage or after separation regardless of when the payment is received. In those situations the claim is considered a premarital or post-separation asset. By not excepting tort actions accruing during marriage from the definition of

marital property we can assume that the legislature intended those property rights to be included within the definition.

We conclude that settlement proceeds arising from a cause of action which accrued during marriage but which are received after separation is marital property. Certainly this is a logical response to *Hurley,* otherwise injured spouses could intentionally delay settlement after separation in order to gain substantial economic windfall.

The question now becomes whether a recovery occasioned by the wrongful death of husband's son who is not wife's son is the type of "award or settlement" intended by the legislature when it enacted section 401(e)(8). The language of the section itself makes no such distinction. The cases decided previously by our appellate courts dealt specifically with injuries to the spouse.

According to information provided to the undersigned, the Texas Wrongful Death Statute is set forth in Texas Civil Practice and Remedies Code, ch. 71, §71.001, et seq. Section 71.002(a) provides:

"An action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under this section."

Section 71.004(a) sets forth who may bring the action.

"An action to recover damages as provided in this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."

Section 71.010(b) provides the basis for awarding and apportioning damages.

"The damages awarded shall be divided, in shares as found by the jury in its verdict, among the individuals who are entitled to recover and who are alive at the time."

Texas law also allows a parent in a wrongful death action to recover loss of companionship and society and for mental anguish resulting from a child's death. *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex. 1983). In Pennsylvania, of course, wrongful death damages compensate the beneficiaries for pecuniary loss they have sustained by denial of future contributions the deceased would have made in his/her lifetime together with recovery of certain administration, funeral and medical expenses. *Burkett v. George,* 118, Pa. Commw. 543, 546-7, 545 A.2d 985, 987 (1988). No claim for mental anguish has been recognized in Pennsylvania in wrongful death actions.

Husband contends that wrongful death recovery is similar to an inheritance because in Pennsylvania the recovery is apportioned in accordance with intestate percentages. 42 Pa.C.S. §8301(b). An inheritance is not marital property. 23 P.S. §401(e)(3). However, it is clear that under Texas law the cause of action belongs to each person within the designated class of beneficiaries and each must prove his/her respective actual damages which the jury then individually awards. In this respect Texas again differs from Pennsylvania.

Even though husband's recovery was based upon a settlement we assume that his loss was related more to mental anguish than a pecuniary loss occasioned by the death of an adult married son who resided in another state. Therefore, it is our opinion that the recovery received by husband was more analogous to a personal-injury recovery, that is marital property, than an inheritance.

Having thus determined that the settlement proceeds are marital property, an issue is raised whether we had authority to order the escrowing of these funds. We recognize that hearings have not been

completed to date.* However, both parties have accused the other of dissipating substantial assets. Although there are some tangible assets such as the marital real estate and vehicles, wife filed for bankruptcy early in this proceeding and husband did likewise recently. Identified debts are substantial. The settlement proceeds are identified as the only liquid asset of the estate. Wife has not been employed and claims medical disability. The testimony to date suggests that husband has considerable marketable skill as a concrete construction supervisor. Husband has not voluntarily contributed to wife's support nor suggested that he is earning any income despite no apparent physical disability.

In directing husband to escrow the settlement proceeds we felt a need to secure as many assets as possible and thereby to retain the status quo. Authority for this approach is set forth in sections 102(a)(4) and 401(c) of the Divorce Code. In retrospect this decision was appropriate. Although husband's counsel transferred $15,000 to the prothonotary husband has yet to identify the whereabouts of the balance of the proceeds even though ordered by Judge Dorney to escrow those funds as early as September 21, 1988. In fact, in a deposition taken April 4, 1989, husband stated that he "would cut my throat" before obeying a court order to deposit the funds.

We have used the escrowed funds as a source of payment of a temporary alimony pendente lite order favoring wife in the amount of $200 on the basis of *Nika v. Nika,* 382 Pa. Super. 551, 555 A.2d 1337 (1989).

---

* No further hearing is anticipated because the Federal Bankruptcy Court has indicated that it will retain jurisdiction and stay further proceedings in this court.

Since May 23, 1989, wife has pursued this divorce pro se because she was unable to pay counsel. At that time she owed counsel almost $9,000. Husband has been represented by counsel at every stage of the proceeding.

Finally, husband asserts that we have no authority to escrow funds given his counsel as a retainer. A retainer fee is a fee given to counsel to secure his future services. Standard Pa. Practice §4.70. The fee does not automatically become the property of the attorney because, for example, if counsel is discharged he is only entitled to retain reasonable value for his services to the time of discharge. We are not trying to deny counsel their just compensation or deprive husband of counsel; however, based upon the circumstances we have outlined above and the authority of section 102(a)(4) and 401(c) of the Divorce Code, we cannot accept husband's actions of placing $15,000 of marital property with counsel, apparently disposing of the balance of the settlement proceeds, and then refusing to pay support.

Accordingly, we enter the attached

## ORDER OF COURT

And now, August 16, 1989, for purposes of this divorce action, it is hereby directed that the settlement proceeds received by plaintiff as a result of his son's death are marital property subject to equitable distribution and, pursuant to the equitable powers of this court, shall be held in escrow, unless ordered to be distributed as alimony pendente lite or for such other purpose as the court shall from time to time determine.