599 A.2d 1348

**Brenda NUHFER**

v.

**Joseph T. NUHFER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 20, 1991.

Filed Dec. 4, 1991.

John D. Petruso, Meadville, for appellant.

Coyle B. Jones, Jamestown, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Crawford County. We are presented with an issue which has yet to be addressed in this Commonwealth: does marital property include an interest in a winning lottery ticket if that ticket was purchased prior to the parties' separation but, because of rival claims to the ticket and the winnings, ownership in the ticket between the rival claimants was not finally determined until after the separation?

Appellant Joseph T. Nuhfer (Joseph) and appellee Brenda Nuhfer (Brenda) were married on September 27, 1986. They separated on September 9, 1989 and were divorced on January 9, 1990.

On February 3, 1989, seven months prior to the parties' separation, Joseph participated in an office lottery pool. On February 6, 1989, one of Joseph's co-workers filed the winning ticket with the Pennsylvania Lottery Bureau, claiming ownership of the winning ticket. This co-worker evi-

dently maintained that she had purchased the winning ticket with her own funds, and not those of the office lottery pool.

Joseph and several of his co-workers filed suit in the Court of Common Pleas of Crawford County in June, 1989, claiming an ownership interest in the winning lottery ticket. Discovery continued through February of 1990. In March of 1990 the lottery case reached a settlement, the terms of which, by agreement of the parties to that action, remain confidential.

Although we are not privy to the terms of the settlement agreement, we must assume that Joseph has an ownership interest in the winning lottery ticket. Otherwise, the issue of whether that interest is marital property would not be before us. The question we must decide is at what point in time did that ownership interest accrue—when the lottery ticket was purchased, which occurred prior to the final separation, or at the time the lottery case was settled, which occurred after the final separation?

Section 401(e) of the Divorce Code [1] defines marital property as "all property acquired by either party during the marriage ..." 23 P.S. § 401(e).[2] Marital property includes the increase in value, prior to the date of separation, of any nonmarital property acquired prior to the marriage or by gift, bequest, devise or descent. 23 P.S. § 401(e)(1), (3). Marital property does *not* include the increase in value, prior to separation, of

1. Title 23 of Purdon's Statutes, as enacted by Act 1980, April 2, P.L. 63, No. 26, § 101 et seq. effective in 90 days, was amended by Act 1990, Dec. 19, P.L. 1240, No. 206, effective in 90 days. The text has been consolidated at 23 Pa.C.S. § 3101 *et seq.* and is entitled Domestic Relations. Part IV is entitled the Divorce Code, 1990, Dec. 19, P.L. 1240, No. 206, § 2, effective in 90 days. In this case the complaint in divorce was filed on September 21, 1989, and therefore the 1980 Divorce Code, 23 P.S. § 101 *et seq.*, as amended in 1988, Act of 1988, February 12, P.L. 66, No. 13, is applicable. We note, however, that the 1990 amendments have not substantively affected the disposition of property rights after termination of the marriage.

2. *See* 23 Pa.C.S. § 3501(a).

[a]ny payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation *regardless of when the payment was received.*

23 P.S. § 401(e)(8) (emphasis added).[3] This section of the Divorce Code was added by the 1988 amendments,[4] and has clarified the law as stated in *Hurley v. Hurley,* 342 Pa.Super. 156, 492 A.2d 439 (1985). In *Hurley,* a panel of this court held that for purposes of determining whether the proceeds of a personal injury cause of action, which arose prior to separation, were marital property, the court must look to the time the proceeds were received. *Id.,* 342 Pa.Superior Ct. at 161–62, 492 A.2d at 442. The 1988 amendment has discarded the time of liquidation as the determinative factor. We must now look to the time the cause of action accrued. 23 P.S. § 401(e)(8).

In *Diamond v. Diamond,* 360 Pa.Super. 101, 519 A.2d 1012 (1987), this court held that the time a spouse actually receives an asset is not controlling as to whether the asset is marital property. Rather, the crucial time is when the right to receive the asset actually accrued. *Id.,* 360 Pa.Superior Ct. at 109, 519 A.2d at 1016.

[I]t matters not when a spouse receives property, but whether the right to receive such property accrues during the marriage. To the extent that a property right "accrues" or "arises" during the marriage, then the spouses expect they will enjoy the property when they receive it.

*LaBuda v. LaBuda,* 349 Pa.Super. 524, 533, 503 A.2d 971, 976 (1986). The 1988 amendments to the Divorce Code reflect a legislative endorsement of the law as stated in *LaBuda* and *Diamond* —the asset is characterized as marital property or non-marital property based on the time the cause of action accrued.

A cause of action is the state of facts which entitle a person to "seek a judicial remedy in his behalf." Black's

---

**3.** *See* 23 Pa.C.S. § 3501(a)(8).

**4.** Act of 1988, February 12, P.L. 66, No. 13.

Law Dictionary (5th ed., 1979). Here, Joseph's cause of action accrued when he contributed to the purchase price of the ticket, despite the fact that the settlement was reached and the claim was liquidated after the parties' divorced. Joseph's financial participation in the office lottery pool is the state of facts which entitled him to seek judicial relief with respect to his claim of ownership in the winning lottery ticket.[5] Thus, the cause of action accrued on February 3, 1989, prior to the parties' separation, and the payment received as a result of the settlement of that claim is marital property subject to equitable distribution between the parties. 23 P.S. § 401(e)(8). See also 23 P.S. § 401(d).[6]

The trial court's order including the settlement proceeds as marital property subject to equitable distribution is affirmed.

WIEAND, J., concurs in the result.

---

5. We recognize the academic argument that the cause of action accrued on February 6, 1989, the date the winning lottery ticket was drawn, rather than February 3, 1989, the date Joseph contributed to the purchase price of the ticket. Both events, of course, were necessary to the accrual of Joseph's cause of action.

6. Section 401(d) of the Divorce Code sets forth the various factors the court shall consider in making an order of equitable distribution of the marital property. The text of that section has been reenacted at 23 Pa.C.S. § 3502(a).