**Summers v. Summers**

*Wilbert H. Beachy III,* for plaintiff.
*Vincent J. Barbera,* for defendant.

FIKE, II *P.J.,* August 24, 1992—This case is before the court on exceptions of defendant, Douglas R. Summers, to the special master's recommendations for equitable distribution of the parties' marital property.

The defendant raises three issues:

(1) Should defendant's commuted workers' compensation benefits be included as marital property?

(2) Is the master's recommendation that defendant receive 55 percent of the marital assets equitable?

(3) Did the master correctly value the marital portion of plaintiff's pension?

## I. *Status of Commuted Workers' Compensation Benefits*

The parties were married on June 22, 1979. Plaintiff filed this divorce action on July 30, 1986. The parties finally separated on March 2, 1988 (according to defendant's brief). A bifurcated divorce decree was entered on April 7, 1989, with the court retaining jurisdiction over collateral economic issues, for which a special master was appointed on July 10, 1990.

The evidence shows that defendant suffered a work injury on April 1, 1986, while the parties were still married and living together. As a result the defendant began receiving workers' compensation benefits for total disability. On June 10, 1988, however, defendant petitioned to com-

mute all future workers' compensation installments to which he would have been entitled. Commutation was approved by a workers' compensation referee on July 15, 1988, and lump-sum payment was received by defendant on July 26, 1988, representing the present value of defendant's future weekly workers' compensation payments.

The principal purpose of the requested commutation was to provide defendant with the funds necessary to begin operation of a trucking business. Pursuant to this plan, defendant purchased a truck and trailer, together with necessary licenses, and entered the trucking business in 1988. The master found that defendant's business suffered a loss in 1988 of $4,488, but showed a profit in 1989 and 1990 of $5,573 and $18,466 respectively. The master projected defendant's profit to be approximately $14,785 in 1991.

Defendant contended before the master and contends now that the commuted benefits merely replace future salary or wages and are not includable as marital property under principles established in *Ciliberti v. Ciliberti,* 374 Pa. Super. 228, 542 A.2d 580 (1988) and *Malseed v. Malseed,* 388 Pa. Super. 214, 565 A.2d 453 (1989).

While recognizing the cited appellate authority, the special master concluded that the 1988 amendments to what is now section 3501(a) of the Divorce Code, 23 Pa.C.S. §3501(a) (previously 23 P.S. §401(e)) required the benefits to be included as marital property.

The 1988 amendments added a new subsection (8) to 23 P.S. §401(e) (now 23 Pa.C.S. §3501(a)). The new section 401(e)(8) provides that marital property shall not include:

"(8) Any payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received."

Defendant argued and the master reasoned that defendant's commutation was a "cause of action or claim" and that since it accrued prior to the date of final separation, the commuted benefits were not covered by the exclusion and therefore must be included as marital property.

The master gave credit to defendant, however, for the amount of $6,600 which the master determined to have been utilized by defendant for living expenses in the first six months of his business venture.

We have concluded that *Ciliberti, supra,* and *Malseed, supra,* control despite the 1988 Divorce Code amendments, and that since the commuted benefits represent the present value of payments defendant would have received in the future to replace his lost wages, the amount of the commuted benefits are excluded from marital property.

We base that conclusion on our finding that the 1988 amendment to Divorce Code section 3501 did not change the law with respect to treatment of wage replacement disability benefits, but merely made it clear that if an unliquidated claim or cause of action is otherwise in-

cludable as marital property, the critical date is the date of accrual, not date of payment. In other words, the amendment is concerned with establishing the date for determining the status of a claim otherwise includable as marital property, not with the types of claims that are to be included. See *Nuhfer v. Nuhfer,* 410 Pa. Super. 380, 383, 599 A.2d 1348, 1349 (1991) which explains that the addition of subsection (8) to what was then section 401(e) of the Divorce Code, now section 3501(a), was intended to clarify the law stated in *Hurley v. Hurley,* 342 Pa. Super. 156, 492 A.2d 439 (1985), and that the amendment requires the court to look to the time a cause of action accrues, rather than to the time of liquidation.

We also note the practical difficulties of attempting to include the right to receive commutation when no specific fund exists and the right may never be exercised.

## II.  *Distribution Ratio*

The master very thoroughly recounted the facts and very thoughtfully analyzed the factors to be considered in determining the proper distribution ratio. Our exclusion of the commuted workers' compensation benefits causes us to reconsider the master's recommendation, however. The defendant used much of the proceeds of the commutation for acquisition of assets, which enhances the value of his separate estate, a factor to be considered when determining equitable distribution. The assets so acquired have also provided defendant with an income-producing capability. We note also that plaintiff is custodian of the parties' 9 1/2-year-old child.

We have concluded that the assets other than those derived from the commuted benefits should be allocated as recommended by the master, but without requiring any further compensation or reimbursement between the parties. With the exclusion of the commuted benefits, the division of the remaining property as recommended by the master appears fair and equitable.

## III. *Calculation of Value of Plaintiff's Pension*

Defendant correctly points out that the expert evaluation submitted to the master did, in fact, exclude plaintiff's premarital years of service. Consequently, it was unnecessary for the special master to adjust the expert's evaluation.

Consequently, in recalculation of the value of marital property, we will substitute the expert's original evaluation of $11,627.23 for the special master's calculation of $9,570.

## IV. *Conclusion*

As the result of our disposition of defendant's exceptions, we accept the revised marital estate valuation as set forth in defendant's brief, which is as follows:

| | |
|---|---|
| 1983 Ford Ranger Truck | $1,000.00 |
| 1963 Ford Falcon automobile | 50.00 |
| Defendant's furniture & furnishings | 2,435.00 |
| Plaintiff's furniture & furnishings | 1,510.00 |

Plaintiff's pension (using
corrected number),
see part 3 of brief                11,627.23

Defendant's life
insurance policy—
State Farm                             233.50

Joint checking account                 456.00

U.S. Savings Bonds, Series EE          900.00

Equity in marital real estate       14,200.00

Equity in Princess Mobile home         860.00
                                   Total  $33,571.73

Automobile insurance wage loss
proceeds (agreed by defendant to be
marital property because received
prior to final separation)          14,650.00
                                          14,650.00
                                   Total $48,221.73

 The above calculation excludes from marital property those items which were included by the master as having been acquired with the commuted workers' compensation benefits. The assets deleted are the 1974 Peterbilt tractor (except for that portion of its value represented by the $14,650 derived from automobile insurance proceeds), the 1988 Cobra trailer, the licenses for tractor and trailer, the business checking account, the savings account, the living expenses of defendant for 1988, and the furniture and furnishings purchased and money spent by defendant from the commuted benefits.

 Based upon this revised marital estate valuation, we determine the value of property received by each party as follows:

*Plaintiff*

| | |
|---|---:|
| Marital residence | $14,200.00 |
| U.S. Savings Bonds | 900.00 |
| Pension plan | 11,627.23 |
| Plaintiff's furniture | 1,510.00 |
| Joint checking account | 456.00 |
| Equity in mobile home | 860.00 |
| Total | $29,553.23 |

*Defendant*

| | |
|---|---:|
| 1983 Ford Ranger | $ 1,000.00 |
| 1963 Ford Falcon | 350.00 |
| Defendant's furniture | 2,435.00 |
| Defendant's life insurance policy | 233.50 |
| Automobile insurance wage loss proceeds | 14,650.00 |
| Total | $18,668.50 |

As explained in Part II of this memorandum, we have concluded that the above distribution is equitable without further compensation or reimbursement between the parties.

## DECREE

Now, August 24, 1992, the court having reviewed the report and recommendation of Carolann A. Young, Esq., the duly appointed master in the above-captioned matter, and having revised the recommendations as set forth in the preceding memorandum, it is hereby ordered and decreed in accordance therewith as follows:

(1) The following items of personal property shall be awarded to plaintiff, Connie A. Summers: All items of furniture and furnishings removed from the marital resi-

dence as of the date of separation; all items of furniture and furnishings purchased after the date of separation.

The following items of personal property shall be awarded to Douglas R. Summers, defendant: all items of furniture and furnishings remaining in the marital residence as of the date of separation; all items of furniture and furnishings purchased after the date of separation.

(2) The 1990 Peterbilt tractor, the 1988 Cobra trailer, all professional licenses relating to the tractor and trailer shall remain with defendant. The 1983 Ford Ranger, determined to be marital property, is awarded to defendant.

The 1988 Chrysler LeBaron shall remain with plaintiff.

(3) The parties' marital residence, subject to the mortgage indebtedness, is awarded to plaintiff. Transfer shall be accomplished by deed from plaintiff and defendant to plaintiff, the deed being prepared at plaintiff's expense. Plaintiff shall be responsible for the remaining balance of the mortgage indebtedness.

(4) All U.S. Savings Bonds, Series EE, and the balance of the parties' joint checking account are awarded to plaintiff.

The defendant's business checking account, the defendant's savings account and the defendant's personal checking account shall remain with defendant.

(5) Defendant's State Farm and V.A. life insurance policies are awarded to defendant.

Plaintiff's variable insurance policy and State Farm life insurance policy are awarded to plaintiff.

(6) The Princess mobile home is awarded to plaintiff.

(7) All of plaintiff's pension plan is awarded to plaintiff, and the deferred compensation shall remain with plaintiff.

(8) The commuted worker's compensation benefits are declared to be non-marital property, while the automobile insurance proceeds in the amount of $14,650 are declared to be marital property.

(9) The automobile insurance wage loss proceeds received by defendant are awarded to defendant.

(10) No further compensation, reimbursement or other payment shall be required to be made by either party to the other.

(11) Neither party shall receive alimony or counsel fees.

(12) The parties shall divide equally the costs and expenses of the divorce litigation totaling $2,653.50. Plaintiff is given credit for $865.50 paid to date. Plaintiff shall pay into the prothonotary's office the sum of $461.25 and the defendant shall pay into the prothonotary's office the sum of $1,326.75, payment to be made within 90 days. Further, the master is authorized to distribute the sum of $150 to James F. Custer.

(13) The liabilities and bills of the parties, as indicated in their respective income and expense statements, shall be the sole responsibility of each party.