542 A.2d 580

**Patricia Anderson CILIBERTI, Appellee,**

v.

**Anthony CILIBERTI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1988.

Filed June 10, 1988.

Natale F. Carabello, Jr., Philadelphia, for appellant.

Anthony J. De Fino, Philadelphia, for appellee.

Before WIEAND, MONTGOMERY and HESTER, JJ.

WIEAND, Judge:

The issue of first impression in this appeal is whether a police disability pension is marital property subject to equitable distribution between spouses. The trial court determined that disability payments must be deemed marital property and directed that Husband pay to Wife therefrom the sum of fifty ($50.00) dollars per week. We reverse and remand for further proceedings.

Patricia and Anthony Ciliberti were married on September 25, 1963. They had two children, Denise and Patricia, both of whom are now emancipated. A complaint in divorce was filed on May 25, 1984. Wife is presently employed in a clerical position at the Union League of Philadelphia. Her net income is estimated to be nine hundred twenty-six ($926.00) dollars per month. Husband is a disabled policeman who receives six hundred thirty-five ($635.00) dollars per month pursuant to a disability pension paid by the City of Philadelphia.

The parties were able to resolve amicably most of the economic issues pertaining to the dissolution of their marriage. They agreed that premises located at 912 Darien Street, Philadelphia, would be conveyed to Wife and that other real estate, situated at 617 Washington Street, Philadelphia, would be conveyed to Husband. They also agreed that Husband would pay alimony to Wife for one year in the amount of thirty-two dollars and fifty cents ($32.50) per week. The parties were unable to agree to a disposition of Wife's claim for counsel fees. This claim, however, was denied in the trial court, and Wife has not appealed therefrom.

The remaining area of dispute pertains to Husband's disability pension. The parties were able to agree that if the disability benefits were determined to be marital property, Wife's interest in Husband's disability pension should be valued at fifty ($50.00) dollars per week. The master determined that the disability pension was marital property and made an award to Wife therefrom in the amount of fifty ($50.00) dollars per week. Husband filed exceptions, but these exceptions were dismissed following argument by the court.

The Divorce Code of April 2, 1980, P.L. 63, No. 26, § 401(e), 23 P.S. § 401(e), defines marital property as follows:

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

(2) Property excluded by valid agreement of the parties entered into before, during or after the marriage.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

(4) Property acquired after separation until the date of divorce, provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce.

(5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce are commenced.

(6) Veterans' benefits exempt from attachment, levy or seizure pursuant to the act of September 2, 1958, Public Law 85–857, 72 Statute 1229, as amended, except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's Compensation.

(7) Property to the extent to which such property has been mortgaged or otherwise encumbered in good faith for value, prior to the time proceedings for the divorce are commenced.

This section of the statute, in subsection (e)(6), makes it clear that military retirement pensions are to be included as marital property, but that military disability payments are not to be deemed marital property. See also: *Vaughn v. Vaughn*, 370 Pa.Super. 333, 334, 536 A.2d 431, 432 (1988); *Major v. Major*, 359 Pa.Super. 344, 349, 518 A.2d 1267, 1270 (1986). This is consistent with federal law. See: 10 U.S.C. §§ 1408(a)(4), (c)(1).

■ Although the pertinent section of the Divorce Code does not otherwise refer to retirement pension benefits, it is now firmly established that retirement pension benefits, vested and non-vested, military and civilian, are deemed marital property subject to equitable distribution. *Verdile*

*v. Verdile,* 370 Pa.Super. 475, 485, 536 A.2d 1364, 1369 (1988). See also: *Vaughn v. Vaughn, supra; Major v. Major, supra; Barnhart v. Barnhart,* 343 Pa.Super. 234, 494 A.2d 443 (1985); *Flynn v. Flynn,* 341 Pa.Super. 76, 491 A.2d 156 (1985); *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985); *King v. King,* 332 Pa.Super. 526, 481 A.2d 913 (1984). Whether disability payments are to be deemed marital property, however, has not previously been decided by an appellate court in this Commonwealth.

The courts of other jurisdictions have reached varying results. Several courts have held that disability benefits are not marital property but, rather, compensation for loss of earning capacity. Such compensation, these courts have held, is the separate property of the employee spouse. See: *Freeman v. Freeman,* 468 So.2d 326 (Fla.App. 5th Dist. 1985); *In the Matter of Minnis and Minnis,* 54 Or.App. 70, 634 P.2d 259 (1981). Other courts have held, to the contrary, that disability pensions are to be deemed marital property. See: *Morrison v. Morrison,* 286 Ark. 353, 692 S.W.2d 601 (1985); *Kruger v. Kruger,* 73 N.J. 464, 375 A.2d 659 (1977); *Hughes v. Hughes,* 96 N.M. 719, 634 P.2d 1271 (1981). See also: *In re Marriage of Smith,* 84 Ill.App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884 (1980) (discussing cases from various jurisdictions). The rationale of these cases is that the right to receive disability retirement benefits has accrued as a result of past employment and is derived from an annuity purchased during the marriage from spousal earnings.

A third approach is to scrutinize closely the disability benefit to determine whether it is more akin to a retirement benefit or to compensation for disability and to classify the benefit accordingly. See: *Gilbert v. Gilbert,* 442 So.2d 1330 (La.App. 1983). Alternately, a court may label a disability plan as marital property but assign to it a lesser value because of the contingent nature of a disability plan which pays benefits according to the varying physical condition of the employee. See: *Lookingbill v. Lookingbill,* 301 Md. 283, 483 A.2d 1 (1984). Finally, there are those jurisdic-

tions which, although agreeing that many disability plans have features akin to retirement plans, have declined mechanically to label them "marital property." These courts separate the "retirement component" of a pension from the "disability component." All sums received by the disabled spouse in excess of that attributable to deferred compensation for past employment are deemed to be the separate property of the disabled spouse. See, e.g.: *Villasenor v. Villasenor*, 134 Ariz. 476, 657 P.2d 889 (Ct.App.1982); *In re Marriage of Stenquist*, 21 Cal.3d 779, 148 Cal.Rptr 9, 582 P.2d 96 (1978); *West v. West*, 115 A.D.2d 601, 496 N.Y.S.2d 263 (1985).

As explained by the Supreme Court of California in *In Re Marriage of Stenquist, supra,* disability benefits may serve multiple purposes. They may compensate for the loss of earnings resulting from compelled premature retirement and from a diminished ability to compete in the employment market. Disability benefits may also serve to compensate the disabled person for personal suffering caused by the disability. Finally, disability benefits may serve to replace a retirement pension by providing support for the disabled worker and his family after he leaves the job. *Id.* 21 Cal.3d at 788, 148 Cal.Rptr. at 14, 582 P.2d at 101. The California Court concluded that:

> "where the employee spouse elects to receive disability benefits in lieu of a matured right to retirement benefits, only the net amount thus received over and above what would have been received as retirement benefits constitutes compensation for personal anguish and loss of earning capacity and is, thus, the employee spouse's separate property. The amount received in lieu of matured retirement benefits remains community property subject to division on dissolution."

*Id.,* quoting *In re Marriage of Mueller,* 70 Cal.App.3d 66, 71, 137 Cal.Rptr. 129, 132 (1977).

■ We decline to hold that true disability payments are marital property subject to equitable distribution. Such benefits are intended to compensate the employee spouse

for lost earning capacity. They are paid in lieu of the earnings which would have been paid to the employee if he or she had been able to work. They replace the future salary or wages which the employee, because of physical or mental disability, will not be able to earn. They are comparable to Workmen's Compensation disability payments. Post-divorce payments intended to compensate for an inability to work are not marital property.

■ Where it can be shown, however, that a portion of the employee spouse's disability pension is representative of retirement benefits, the amount received by the disabled employee in lieu of retirement benefits remains marital property subject to distribution. This is consistent with the provision of the Pennsylvania Divorce Code pertaining to veterans' disability pensions, which are not to be deemed marital property "except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's compensation." [1]

In the instant case, it is impossible to determine whether there is a "retirement component" included in the disability payments made to Husband or whether such payments are intended to be mere compensation for lost earnings. Similarly, it cannot be determined whether the disability benefits are permanent in nature or subject to divestment. Indeed, the record is even insufficient to permit a determination of the length of Husband's service as a policeman or the nature of his disability.

The parties have stipulated that if Husband's disability pension is marital property, the court shall award to Wife therefrom the sum of fifty ($50.00) dollars per week. On the basis of the record now before us, we cannot determine whether any portion of the Husband's disability pension is actually a retirement portion. In the absence of such evidence, Husband's disability benefits cannot be deemed

---

1. It would create a disturbing anomaly for different rules to be applicable depending upon whether the employer was the federal government or the City of Philadelphia.

marital property. Under the circumstances, the matter must be remanded for an evidentiary hearing to determine whether any portion of Husband's disability pension represents a retirement component. If so, the trial court should then determine Wife's distributive share of the retirement portion of Husband's payments. This share should not be more than the stipulated sum of fifty ($50.00) dollars per week, which is the portion assigned to the Wife by the parties' agreement in the event the husband's entire disability payment were held to be marital property.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.