580 A.2d 390

**Deane R. KOZICH**

v.

**David T. KOZICH, Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 1990.

Filed Sept. 26, 1990.

David J. Weaver, Johnstown, for appellant.

Andrew D. Gleason, Johnstown, for appellee.

Before McEWEN, TAMILIA and BROSKY, JJ.

TAMILIA, Judge.

This appeal presents the issue whether the disability portion of a tort settlement remains separate property of the injured spouse for purposes of equitable distribution. The trial court, by Order dated November 22, 1989, adopted the recommendations of the master, which, *inter alia*, determined that the settlement proceeds were marital property, and ordered appellant/husband David T. Kozich to pay to appellee/wife $320,000. We affirm.

The parties were married on October 16, 1976 and had two minor children who now reside with the wife. On March 20, 1982, while in the course of his employment as a cable television installer in Houston, Texas, appellant was electrocuted, resulting in the amputation of both his arms approximately two inches below his elbows. Consequently, the Koziches filed suit in Houston against Houston Lighting and Power and Houston Treetop Apartments, Inc. On June 27, 1984, the Koziches and the defendants negotiated a settlement, the proceeds of which are now at issue on appeal. The parties eventually separated and on April 7, 1987, appellee filed a complaint in divorce and secured an Order for spousal and child support in the interim. The parties agreed to submit the issues of equitable distribution, counsel fees and costs and alimony to a master for hearing. Master's hearings were held August 12, 1988 and September 8, 1988. The master's report was filed August 28, 1988, from which appellant filed exceptions. The court entered the November 22, 1989 Order from which this appeal followed.

On appeal, appellant relies on this Court's prior decision in *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988), wherein a panel of the Superior Court declined to hold that true disability payments are marital property subject to equitable distribution. The Court went on to note, however, that where it can be shown "that a portion of the employee spouse's disability pension is representative of retirement benefits, the amount received by the

disabled employee in lieu of retirement benefits remains marital property subject to distribution." *Id.*, 374 Pa.Superior Ct. at 234, 542 A.2d at 582. Appellant contends there is no evidence of record that the settlement in the instant case was part of a retirement benefit, but instead was plainly for loss of income earning ability. While we agree with the earlier decision in *Ciliberti,* we are not prepared to extend the rationale of that case to the circumstances of the case at bar. *Ciliberti* involved a retirement/disability pension arising out of contract, whereas this case involves a liquidated amount arising from a tort action settlement. As such, there is no basis upon which a finding can be made that the settlement is either a disability or retirement fund. Since the settlement compromised all claims before the jury reached a verdict, there was no specification as to which portion might have been awarded to the wife for loss of consortium, thus her claim was merged into the total settlement, further distinguishing this case from the division in *Ciliberti.*

We are guided instead by our decision in *Platek v. Platek,* 309 Pa.Super. 16, 454 A.2d 1059 (1982), a divorce action similar to the case instantly in that it concerned the proceeds of a tort claim settlement obtained by the parties. The court in *Platek* held that settlement proceeds are not excepted from marital property.

Section 401(f) of the Divorce Code, unchanged by amendment in 1988, provides:

All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e).

23 P.S. § 401.

Section 401(e)(1) excepts "[p]roperty acquired prior to marriage or property acquired in exchange for property

acquired prior to the marriage." *Id.* The question present-
ed instantly is similar to that presented in *Platek:*

> [W]hether one's physical well-being constitutes "property
> acquired prior to the marriage...." We conclude that it
> does not.

In construing the phrase, "property acquired prior to
the marriage....," we look to the everyday, popular
meaning of those words. *Treaster v. Union Township,*
430 Pa. 223, 242 A.2d 252 (1968); *Wheatcroft v. Auritt,*
226 Pa.Super. 118, 312 A.2d 441 (1973); 1 Pa.C.S.A.
§ 1903(a). Suppose one were to lose a leg in an accident,
and, in settlement of the claim, receive $100,000. One
would not in everyday speech say that the $100,000 was
"[p]roperty acquired in exchange for property [the lost
leg] acquired prior to [one's] marriage:...."

The legislative history of the Divorce Code of 1980 also
persuades us that in defining "marital property," the
Legislature did not intend to except the proceeds of the
settlement of a personal injury claim. The House version
of Section 401(e) *did* except settlement proceeds. In
defining "marital property," it excepted "[p]roperty ac-
quired with, or received in exchange for property ac-
quired with.... payments received as payment for the
loss of impairment of parts or functions of the body of
the party who received the payment." *Hearings on H.B.
640 Before the Pennsylvania House of Representatives,*
1979 Pa.Leg.J. 1968. However, the House version *also*
excepted from marital property "property acquired in
exchange for property acquired prior to the mar-
riage...." It is therefore clear that the House did not
intend this latter section to except settlement proceeds
from marital property, for then there would have been no
need for the former section. *See In re Dorrance's Will,*
333 Pa. 162, 3 A.2d 682 (1939); *Macfarland v. Unemploy-
ment Compensation Board of Review,* 158 Pa.Super.
418, 45 A.2d 423 (1946); *Appeal of Dixon,* 138 Pa.Super.
385, 11 A.2d 169 (1940).

A further feature of the legislative history confirms this conclusion. This is that the Senate rejected the House version. *Hearings on H.B. 640 Before the Pennsylvania Senate*, 1980 Pa.Leg.J. 1364–65. Although the House wanted to except from marital property *both* settlement proceeds and "property acquired prior to marriage," the Senate wanted to éxcept *only* "property acquired prior to marriage." As enacted, the Divorce Code reflects the Senate's view. It follows that settlement proceeds are not excepted from marital property. *McDowell v. Good Chevrolet–Cadillac, Inc.*, 397 Pa. 237, 154 A.2d 497 (1959) (failure to enact proposed amendment to act held significant in construing act).

*Platek, supra* at 21–23, 454 A.2d at 1061–62 (footnote omitted).

The Master's Report in the case *sub judice* also states:

[Appellant] contends that a disability portion of the settlement is not marital property subject to distribution under *Ciliberti v. Ciliberti*, [374 Pa.Super. 228] 542 A.2d 580 (1988). There was no evidence as to what portion, if any, represented disability payments. Further, the worker's compensation carrier was reimbursed before the parties received their settlement and said amount cannot be added back. Testimony revealed that settlement was reached before the jury completed deliberations and the release document does not distinguish the possible claims settled, but it simply notes compromises of all claims. The proceeds and not the separate claim settlements represented in the total constitutes marital property.

*Ciliberti, id.* is easily distinguished because it dealt with whether the retirement component of disability payments was subject to division and there is no such issue in the instant case. Further, no portion of the Kozich settlement was designated for pure disability payment nor was such evidence offered.

Compensation for [appellant's] loss of well being occasioned by a third party's negligence does not constitute a property interest exempt from equitable distribution

though said well being was acquired before the marriage. *Platek, id.*

The trial court found, as do we, that the Master correctly determined the settlement proceeds to be marital property. Therefore, appellant's claims in this regard are without merit.

▉ Appellant's final argument is the trial court erred in awarding $320,000 to a noninjured spouse out of a total amount available for distribution of $905,000. The equitable distribution of marital property is within the sound discretion of the trial court, whose decisions shall not be disturbed on appeal absent an abuse of that discretion. *Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358 (1983); *see* 23 Pa.S. § 401(d).

From our thorough review of the record, we find the Master properly considered the enumerated relevant factors of section 401(d) of the Divorce Code, and we discern no abuse of the trial court's discretion in accepting the Master's finding and recommendations. Accordingly, appellant's contention is without merit and we affirm the judgment of the trial court.

Judgment affirmed.