615 A.2d 80

**Linda A. BUDNICK**

v.

**David BUDNICK, Appellant.**

Superior Court of Pennsylvania.

Argued July 15, 1992.

Filed Oct. 7, 1992.

---

Santo A. Agati, Harvey's Lake, for appellant.

Richard M. Goldberg, Wilkes–Barre, for appellee.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

The parties to this appeal, appellant David Budnick and appellee Linda A. Budnick, nee Linda Ann Cappellini, were married on July 26, 1980 in West Wyoming, Luzerne County. This was the second marriage for appellant and the first for appellee. On October 13, 1982, appellee was injured seriously in an automobile accident and was hospitalized for four months. Subsequently, the parties separated and on February 8, 1983, appellee filed a complaint in divorce. A Master was appointed thereafter, three hearings were held in September and October of 1983 and the trial court issued a divorce decree on March 12, 1984, retaining jurisdiction over the issues of equitable distribution, attorneys' fees and court costs. On December 7, 1984, a jury rendered a verdict in favor of appellee in the amount of $12,608,028 for the injuries she suffered in her accident. On May 1, 1986, the Master filed his report and recommendations, to which appellant filed excep-

tions. After oral argument on the exceptions, the trial court, on May 21, 1987, issued the following Order:

(1) That Defendant's Exception to the Master's Recommendation excluding the personal injury award recovered by Plaintiff as non-marital property is hereby DENIED.

(2) That Defendant's Exception to the Master's Recommendation that each party pay their own counsel fees and expenses is hereby GRANTED for reasons appearing in the accompanying opinion.

(3) That Defendant's Exception to the Master's Recommendation that the parties be awarded their respective pension benefits is hereby GRANTED for the reasons appearing in the accompanying opinion.

(4) That the Master file with this Court a new Proposed Recommendation for equitable division of marital property after having taken into consideration the personal injury award recovered by Plaintiff, not as a marital asset but, rather, as a relevant factor under Section 401(d) of the Pa. Divorce Code.

(5) That the Master file with this Court a new Proposed Recommendation concerning an award of counsel fees and costs after having taken into consideration the personal injury award recovered by Plaintiff as a relevant factor under Section 401(d) of the Pa. Divorce Code.

The parties filed cross-appeals to this Order with the Superior Court (*Budnick v. Budnick*, 374 Pa.Super. 637, 538 A.2d 935 (1987) (unpublished memorandum), which were quashed as interlocutory. Pursuant to the trial court's order concerning a new proposed Master's recommendation, further hearing was held on August 27, 1990, following which the Master issued a supplemental report and recommendation on May 17, 1991. The Master, in his supplemental report, followed the directives of the trial court's May 21, 1987 Order, but essentially reached the same conclusions as it had in its initial report and recommendation. Appellant filed exceptions to the supplemental Master's report and by Order dated December 19, 1991, the trial court denied appellant's exceptions and upheld the Master's report and recommendation.

 In this appeal, appellant first argues appellee's personal injury award derived from a claim arising during the marriage, and is therefore a marital asset subject to equitable distribution. As an initial matter, however, we note equitable distribution of marital property is within the sound discretion of the trial court, whose decisions shall not be disturbed on appeal absent an abuse of that discretion. *Gee v. Gee,* 314 Pa.Super. 31, 460 A.2d 358 (1983); *Kozich v. Kozich,* 397 Pa.Super. 463, 580 A.2d 390 (1990), *app. den.,* 527 Pa. 635, 592 A.2d 1302 (1991).

Under the Divorce Code in effect at the time of the commencement of this case, "marital property" means all property acquired by either party during the marriage except:

. . . . .

(4) *Property acquired after separation until the date of divorce,* provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until their divorce.

23 P.S. § 401(e)(4) (repealed)[1] (emphasis added).

In *Platek v. Platek,* 309 Pa.Super. 16, 454 A.2d 1059 (1982), this Court concluded that settlement proceeds recovered during marriage because of personal injuries sustained by one of the spouses were marital property and subject to equitable distribution. *Id.,* 309 Pa.Super. at 21–23, 454 A.2d at 1061–1062; *see also Kozich, supra.* However, applying the above principles to a case in which a spouse sustained personal injuries prior to separation, but the verdict was recovered and satisfied after separation, this Court later held: "Only after an unliquidated claim for personal injuries has become liquidated by settlement, verdict or otherwise should it be deemed 'marital property' and become subject to distribution between the spouses." *Hurley v. Hurley,* 342 Pa.Super. 156, 161, 492 A.2d 439, 442 (1985). *Also see Solomon v. Solomon,* 531 Pa. 113, 611 A.2d 686 (1992) (Trust fund settled on wife prior to marriage may not be considered for purpose of increase in value until the amount settled becomes vested in the wife).

---

1. This section has been reenacted in the same substantive form as 23 Pa.C.S.A. § 3501(a)(4).

Subsequent amendment to the Divorce Code in 1988 [2] stated that marital property does not include the increase in value, prior to separation, of "[a]ny payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation *regardless of when the payment was received.*" 23 P.S. § 401(e)(8) (emphasis added).[3] "The 1988 amendment has discarded the time of liquidation as the determinative factor. We must now look to the time the cause of action accrued. 23 P.S. § 401(e)(8)." *Nuhfer v. Nuhfer,* 410 Pa.Super. 380, 381, 599 A.2d 1348, 1349 (1991).[4]

■ This Court, therefore, must determine whether the provisions of section 401(e)(8), as embodied in the 1988 amendments to the Divorce Code, are to be applied prospectively or retroactively. "A presumption exists in this Commonwealth that '[n]o statute shall construed [sic] to be retroactive unless clearly and manifestly so intended by the General Assembly.' 1 Pa.C.S. § 1926. In fact, in the absence of clear language to the contrary, statutes must be construed to operate prospectively only." *Flick v. Flick,* 408 Pa.Super. 110, 115–117, 596 A.2d 216, 219–220 (1991). A law is given retroactive effect "when it is used to impose new legal burdens on a past transaction or occurrence." *Id.* However, amendatory statutes "are not to be construed as retroactive unless such a construction is so clear as to preclude all question as to the intention of the legislature...." *DeMatteis v. DeMatteis,* 399 Pa.Super. 421, 434, 582 A.2d 666, 672 (1990).

■ The language of former section 401(e)(4), as well as that of section 401(e)(8), recodified in section 3501(a)(8), is clear and unambiguous on its face and makes no references in the subsequent amendments to retroactive application of its provisions. Therefore, it is equally clear and unambiguous

2. Act of 1988, February 12, P.L. 66, No. 13.

3. Title 23 of Purdon's Statutes was recodified at 23 Pa.C.S. § 3101 *et seq.* and entitled Domestic Relations. The recodification, however, has not affected substantively the disposition of property rights after termination of marriage.

4. *See* 23 Pa.C.S. § 3501(a)(8).

that the trial court correctly applied the proper law, interpreted by *Hurley, supra,* rather than the subsequent amended provisions espoused by appellant and ostensibly supported by *Kozich, supra* and *Nuhfer, supra.* Consequently, we find appellant's claim without merit.

█ Appellant next argues the Master's supplemental proposed recommendations, upheld by the trial court, failed to give due consideration to factors outlined in the Divorce Code. The Divorce Code in effect at the time read as follows:

(d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such proportions and in such manner as the court deems just after considering all relevant factors including:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party, including Federal, State and local tax ramifications, at the time the division of property is to become effective.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 P.S. § 401(d) (now § 3502(a)).

In his supplemental report, the Master stated: "Reviewing the factors set forth in 23 P.S. Section 401(d) and including within those factors, Plaintiff's personal injury award, the Master is still not swayed that his original proposal was not fair and equitable under the circumstances." We agree.

Appellant frames his argument in this regard in terms of the inequity inherent in *any* equitable distribution which does not include appellee's personal injury award. However, as has been discussed, *supra*, the personal injury award was not marital property and not subject to equitable distribution. Removing the award from consideration, appellant received a greater share of the marital assets than did appellee, and our examination of the record discloses no abuse of discretion by the trial court warranting reversal on appeal. Therefore, this claim is also without merit.

 Finally, appellant argues the trial court abused its discretion in failing to award him legal fees and costs. The trial court properly applied section 502 of the 1980 Divorce Code, and the case law deriving therefrom, in determining each party should pay its own legal fees and costs.

Prior to its 1988 amendment, section 502 read: "The court may, upon petition, in proper cases, allow a spouse . . . reasonable counsel fees and expenses." 23 P.S. § 502. Counsel fees are not awarded to either spouse automatically, but are appropriate when necessary to put the parties on a par to maintain or defend the action. *Johnson v. Johnson*, 365 Pa.Super. 409, 529 A.2d 1123 (1987). The determination to award counsel fees is made on a case-by-case basis. *Dech v. Dech*, 342 Pa.Super. 17, 492 A.2d 41 (1985).

Once again, appellant buttresses his claim on the personal injury award belonging to appellee. Appellant concedes he "is not without assets," but asserts he "is economically disadvantaged when compared to the resources available to" appellee (Brief of Appellant at 22). This is not the test for an award of

counsel fees. A petitioning spouse must show actual need before such an award is justified. *Kohl v. Kohl,* 387 Pa.Super. 367, 564 A.2d 222 (1989). Based on the record before us, we agree with the trial court that there is no evidence appellant is unable to pay his own legal fees and costs, and this claim is without merit.

Order affirmed.