630 A.2d 1275

James D. HAYWARD, Jr., Appellant,

v.

Mary E. HAYWARD.

Superior Court of Pennsylvania.

Argued June 30, 1993.

Filed Sept. 20, 1993.

Lawrence D. MacDonald, Wilkes–Barre, for appellant.

Mark A. Ciavarella, Jr., Wilkes–Barre, for appellee.

Before DEL SOLE, BECK and HESTER, JJ.

HESTER, Judge:

James D. Hayward appeals from the August 31, 1992 decree entered by the Court of Common Pleas of Luzerne County in this divorce action. Appellant asserts the trial court committed reversible error in holding that his disability pension was marital property subject to equitable distribution. He also contends that the court erred in awarding Mary E. Hayward, appellee, one-third of the future disability payments without making a determination of the present value of the pension. We affirm.

The record reveals the following. The parties were married on February 6, 1971. Appellant filed for divorce after appellee left the marital home. Four children were born of the marriage. Appellant was awarded custody of the children who currently range between nine and nineteen years of age. Appellant is a high school graduate who served in the U.S. Navy prior to working as a firefighter for a number of years. In June, 1977, appellant developed nerve problems in his back and was placed on temporary disability until August, 1983. In March, 1984, appellant underwent a spinal fusion to relieve pressure on his back. Although he eventually did return to work, appellant became permanently disabled on August 23, 1987, as the result of lifting a woman suffering a heart attack. He was awarded a disability pension by the City of Wilkes Barre. He received an associate degree in business adminis-

tration at Luzerne County Community College and presently is furthering his education at College Miserecordia from which he anticipates receiving a bachelor's degree in business administration with a minor specialization in computer science.

Appellee worked during much of the marriage except while she was pregnant. Currently, she is employed by Muskin's Pools, a position which she has held for fifteen years. Her employer has entered bankruptcy, and her present employment is insecure. She has little savings of her own and has been forced to borrow money from her father in order to purchase an automobile which she needs for transportation for work.

The principal issue in this appeal is the characterization of appellant's pension from the City of Wilkes Barre. Appellant contends that the normal requirements to vest fully for a city firefighter's pension are to complete twenty years of service and to attain the age of fifty. Even though he has not reached the required number of years of service or age, appellant suggests that he has been treated as fully vested due to his disability since he no longer can work as a firefighter. Moreover, he is receiving a reduced amount now rather than larger payments or a lump sum when he attains age fifty. Therefore, he asserts the pension is a disability pension which is not considered marital property subject to division in a divorce.

In support, appellant cites *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988). In *Ciliberti*, we addressed whether a disability pension of a disabled policeman was divisible as marital property and stated:

> We decline to hold that true disability payments are marital property subject to equitable distribution. Such benefits are intended to compensate the employee spouse for lost earning capacity. They are paid in lieu of the earnings which would have been paid to the employee if he or she had been able to work. They replace the future salary or wages which the employee, because of physical or mental disability, will not be able to earn. They are comparable to Workmen's Compensation disability payments. Post-di-

vorce payments intended to compensate for an inability to work are not marital property.

*Id.,* 374 Pa.Super. at 233, 542 A.2d at 582. Appellant therefore contends the court erred in treating his firefighter pension as marital property to be divided between the parties.

Appellant also cites *Malseed v. Malseed,* 388 Pa.Super. 214, 565 A.2d 453 (1989), where we addressed the case of a disabled policeman who received disability, retirement, and workmen's compensation benefits. Following *Ciliberti,* we determined that the policeman's pension benefits were not marital property even though the payments he received included both disability and retirement components. Appellant asserts that these cases constitute controlling authority in the instant case. Moreover, he notes that it is improper to circumvent established law in an endeavor to achieve economic self-reliance for appellee. *See Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31 (1991) ("moral grounds" are improper basis to determine what constitutes marital property).

We disagree. Appellant's pension accrued and vested during the marriage. The issue to be decided by the trial court was whether appellant's pension was a disability pension. It noted that appellant was required to contribute five percent of his salary to his retirement and part of the benefit payments constitute a return of this money. Moreover, appellant received the value of his retirement divided by his statistical life expectancy, and not based on replacing his lost income as a firefighter. He received payments immediately rather than at age fifty to compensate him for no longer being able to work as a firefighter. However, these payments are not contingent upon his complete inability to work and he will not lose these benefits if he earns more in another occupation than he did as a firefighter so that this plan is more like a pension plan than a disability plan. Thus, we agree with the trial court that *Ciliberti v. Ciliberti, supra,* is distinguishable.

We note that appellant is not precluded from working and the benefits are not measured by his loss of income. Although appellant was able to vest fully his pension in less time and

receive benefits prior to age fifty due to his disability, this was intended to compensate him for no longer having the opportunity to work as a firefighter and to accumulate additional years of service, thereby increasing the value of his retirement plan. Nevertheless, these additional years of service would have occurred after the the parties separated and would not be marital property. Appellant therefore has the benefit of the same amount of money due to his disability as he otherwise eventually would have received; he merely receives these benefits at an earlier age. The amount of the payments is reduced to reflect the longer pay-out period and thus, the total value of the benefits was not altered. Further, the time when these benefits were earned has not changed, which was pre-separation. As we conclude the trial court's determination that appellee should share in these payments since they really constitute payments for retirement rather than disability is correct and supported in the record, we do not find error.

■■■■ Next, appellant argues the trial court erred in dividing the pension without making any determination regarding its present value. Essentially, he argues that appellee should receive a percentage of its present value in the nature of an off-set rather than a percentage of the future pay-outs. Instantly, the court arrived at an award of one-third of the benefits to appellee by calculating the years the marriage lasted (eighteen years) and dividing this number by appellant's remaining life expectancy. It is matter of discretion with the trial court whether to use the immediate off-set method or award a portion of the benefit payments. *See Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985). Also, the fact that appellee is in dire financial straits was a valid factor for the trial court to consider. *See Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647 (1991) (equitable distribution is a matter of discretion and will be reversed only for an abuse of that discretion or failure to follow proper legal procedures). We conclude that there is a basis in the record to support the court's decision to award immediate benefits rather than to

determine the present value and off-set it. Consequently, we do not find an abuse of discretion.

Order affirmed.