**Leona A. MOORE**

v.

**John E. MOORE, Appellant.**

**Leona A. MOORE, Appellant,**

v.

**John E. MOORE.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed April 28, 1998.

---

634

Joseph J. Notarianni, Scranton, for John E. Moore.

William M. Blaum, Scranton, for Leona A. Moore.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

TAMILIA, Judge:

This action involves an appeal and cross-appeal from the Decree of June 6, 1997,[1] whereby the trial court terminated the parties' marriage, adopted the master's report and recommendation of equitable distribution and denied the parties' exceptions. Appellant, John E. Moore (hereinafter husband), claims the trial court erred in finding

1. While the trial court entered an "amended order" terminating the parties' marriage, the proper designation is "Decree of Divorce." *See*

that the proceeds of a workers' compensation commutation award were marital property subject to equitable distribution. Appellee/cross-appellant, Leona A. Moore (hereinafter wife), argues the workers' compensation proceeds are marital property and maintains the trial court erred by not awarding her additional assets due to husband's dissipation of the proceeds. Wife also contends the trial court erred in refusing to consider wife's loss of equity due to the transfer of the marital residence pursuant to a deed in lieu of foreclosure.

Husband and wife were married on April 16, 1966. Husband worked for Roadway Express, Inc., from 1977 until 1989. On June 23, 1989, he suffered a work-related injury to his lower back and subsequently received workers' compensation benefits. On May 13, 1991, Roadway Express filed a Petition to Terminate Compensation Benefits, alleging that husband had refused reasonable medical treatment. Husband and wife separated on August 17, 1991. By agreement dated December 2, 1991, husband accepted the modification of his compensation benefits. Wife filed a complaint in divorce on December 16, 1991 and, on December 17, 1991, husband received a one-time lump sum payment, after legal fees, of eighty-nine thousand, six hundred and two dollars and fifty cents ($89,602.50).

The subsequent procedural history of this case is both lengthy and complex, however, it is also largely irrelevant to the instant appeals. The pertinent facts can be summarized as follows. On October 27, 1995, the master filed his third report and recommendation. Evidentiary hearings had been held on January 16, 1993 and March 21, 1995. Following the master's third report, both parties filed exceptions. By Decree dated June 6, 1997, the trial court terminated the parties' marriage, adopted the master's third report and recommendation and denied the parties' exceptions. The parties subsequently appealed the trial court's equitable distribution of the marital estate.

23 Pa.C.S. § 3323, **Decree of court**, (a) **General rule**.

On appeal, husband contends that the proceeds of a workers' compensation commutation award are not marital property. With regard to disability benefits, this Court has stated the following:

> We decline to hold that true disability payments are marital property subject to equitable distribution. Such benefits are intended to compensate the employee spouse for lost earning capacity. They are paid in lieu of the earnings which would have been paid to the employee if he or she had been able to work. They replace the future salary or wages which the employee, because of physical or mental disability, will not be able to earn. *They are comparable to Workmen's Compensation disability payments. Post-divorce payments intended to compensate for an inability to work are not marital property.*

*Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 233–234, 542 A.2d 580, 582 (1988) (emphasis added). Disability payments simply do not constitute marital property, *Malseed v. Malseed*, 388 Pa.Super. 214, 219–221, 565 A.2d 453, 456 (1989), and are only subject to equitable distribution when they cannot be separated from other proceeds that form part of the marital estate, *Kozich v. Kozich*, 397 Pa.Super. 463, 465–468, 580 A.2d 390, 392–393 (1990), or when they can be fairly characterized as retirement pension benefits or some other form of marital property. *Hayward v. Hayward*, 428 Pa.Super. 332, 333–337, 630 A.2d 1275, 1276–1277 (1993).

In this case, the workers' compensation proceeds are clearly a disability benefit. The master's original report unequivocally states that husband had suffered a permanent partial disability, which was expected to reduce his future earnings at the rate of $216.67 per week. Consequently, husband received a lump sum award in the amount of $89,602.50. The fact that husband received the disability benefit in one lump sum is irrelevant. The character of a benefit should not be determined by the manner in which it is paid. The benefits in question were paid in lieu of future earnings and, consequently, do not constitute marital property. This is clearly distinguishable from compensation payments in lieu of lost wages during the existence of the marriage. Such payments are in the category of tort settlements or payments in which present lost earnings are inseparable from future lost earnings.

Wife relies on *Kozich, supra,* and *Platek v. Platek*, 309 Pa.Super. 16, 454 A.2d 1059 (1982), in arguing that the workers' compensation proceeds in question are not a true or pure disability benefit because they were paid in "settlement" of an ongoing, contested workers' compensation matter. *Kozich,* and *Platek,* however, only stand for the proposition that marital property includes the proceeds received in settlement of a personal injury claim. *See also* 23 Pa.C.S. § 3501(a)(8).[2] Disability benefits are sometimes subjected to equitable distribution— *but only* when they cannot be separated from the remainder of the tort settlement. *Kozich, supra.*

This Court realized the above interpretation could be construed as conflicting with the "award or settlement" language of subsection 3501(a)(8) in that if workers' compensation and disability benefits were viewed as another form of award or settlement, then subsection 3501(a)(8) could be interpreted to include as marital property any workers' compensation or disability benefit acquired during the marriage. In the absence of a more explicit statutory mandate, however, this Court "decline[s] to hold that true disability payments are marital property subject to equitable distribution." *Ciliberti, supra* at 233, 542 A.2d at 582. The courts of this Commonwealth have stated repeatedly that pure disability benefits are not marital property. Since the proceeds of the workers'

---

2. **§ 3501. Definitions**
**General rule.**—As used in this chapter, "**marital property**" means all property acquired by either party during the marriage, including the increase in value, prior to the date of final separation, of any nonmarital property acquired pursuant to paragraphs (1) and (3), except:

. . .

(8) Any payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received.

compensation award in question are clearly disability benefits related to compensation for future lost earnings beyond the final date of separation, the trial court erred in subjecting them to equitable distribution.

Having determined the worker's compensation award was nonmarital property, it is necessary to remand this case for the trial court's reevaluation and reconsideration of the economic issues including but not necessarily limited to alimony, alimony pendente lite and counsel fees. Wife's third issue regarding dissipation of marital assets is moot in light of our determination the award was not marital property. Her final issue as to transfer of the marital residence also should be considered on remand.

Decree vacated; case remanded for proceedings in accordance with this Opinion.

Jurisdiction relinquished.

Concurring Opinion by BECK, J.

BECK, Judge, concurring:

I agree with the majority that the trial court erred in distributing husband's workers' compensation commutation award as marital property. Even if we were to accept wife's view that the commutation award is a settlement of a contested claim and not merely a lump sum payment of lost earnings, the circumstances surrounding the award make it clear that the settlement would not be marital property.

Husband's initial claim for workers' compensation benefits arose and was granted during his marriage to wife. He received benefits pursuant to that claim during the parties' marriage and for several months following their separation. Those benefits are not the subject of wife's claim. Rather, she asserts that the commutation award he received in December, 1991, following the parties' separation, constituted settlement of a claim arising during the marriage. She argues that the commutation award was thus analogous to the settlement of a tort claim for a personal injury occurring during marriage and divisible as marital property. I cannot agree.

First, I agree with the majority that the commutation award must be viewed as compensation for loss of future earnings. Perusal of the Pennsylvania Workmen's Compensation Act, 77 P.S. §§ 1–1066, makes it clear that a workers' compensation claim is an employee's exclusive remedy for job-related injuries and thus replaces any tort action the employee might have had against the employer. 77 P.S. § 481. However, it is equally clear that under the Act, benefits pursuant to a workers' compensation claim are based solely on the employee's wages and do not include any compensation for pain and suffering or other damages recoverable in tort. *See, e.g.,* 77 P.S. §§ 511, 512, 582. It is thus clear, as the majority concludes, that the commutation award received by husband represents compensation for lost future earnings only and not the settlement of any other claim in which wife might share. It thus should be excluded from marital property. *Ciliberti v. Ciliberti,* 374 Pa.Super. 228, 542 A.2d 580 (1988).

Further, even if we were to accept wife's characterization of the commutation award as a settlement of a disputed claim for ongoing periodic payments of workers' compensation benefits, it is clear from the circumstances of this case that the claim compromised by the settlement falls within the exclusion from marital property defined by 23 Pa.C.S. § 3501(a)(8).

Husband received full ongoing workers' compensation benefits up until the date he agreed to a modification of his benefits in December, 1991, *after* the parties' separation. The modification of his status to partial disability and the commutation of his payment stream to a lump sum were effective as of the date he agreed to the modification, not retroactively to the date on which his employer filed its petition to terminate benefits. The commutation award thus compromised, not his claim to the benefits he had already received, but his claim to full benefits in the future in the face of his employer's claim that his benefits should be terminated completely for refusal of medical treatment. The claim that was settled by husband's acceptance of the modification and commutation was for ongoing benefits after December, 1991.

Clearly, this claim did not accrue until after the parties' final separation in August, 1991. Accordingly, the commutation award is a "payment received as a result of an award or settlement for [a] ... claim which accrued ... after the date of final separation," 23 Pa.C.S. § 3501(a)(8) and properly excluded from marital property.