**Helen DUDAS, Appellee**

v.

**Theodore PIETRZYKOWSKI,
Appellant.**

Superior Court of Pennsylvania.

Submitted June 17, 2002.
Filed Nov. 8, 2002.

Arthur L. Gutkin, Conshohocken, for appellant.

Edward P. Sheetz, Allentown, for appellee.

Before: TODD, HESTER and BECK, JJ.

HESTER, J.:

¶ 1 Theodore Pietrzykowski ("Husband") appeals from the November 26, 2001 order denying his motion to release funds received through workers' compensation which were held in escrow for payment of alimony. We affirm.

¶ 2 The record reveals the following. Husband and Helen Dudas ("Wife") were married on October 15, 1960, but after almost thirty-two years of marriage, the parties separated on June 29, 1992. Five children were born of the marriage, and all were over the age of eighteen when the parties separated. On August 12, 1992, Wife filed a complaint for support, and at some point thereafter, Husband began receiving workers' compensation benefits.[1] On September 24, 1992, an order for support was entered, and on January 5, 1995, the parties executed a settlement agreement. That agreement provided Husband was to pay Wife $500.00 per month for alimony, and the alimony would be reduced to fifty percent of Husband's social security benefit in the event Husband became eligible for social security and elected to receive it, but in no event would Wife receive greater than $500.00 per month.

Further, if Wife died, cohabitated, or remarried, Husband's alimony obligation would cease.

¶ 3 On September 25, 1996, the parties agreed by stipulation that Husband was to pay Wife permanent non-modifiable alimony amounting to $500.00 per month except that if Wife died, cohabitated, or remarried, Husband's obligation would cease. Further, the $500.00 monthly payment was to be made regardless of whether Husband eventually became eligible for social security. The trial court entered an order that incorporated the parties' stipulation. Trial Court Order, 9/25/96, at 1. On October 28, 1996, the trial court issued a divorce decree.

¶ 4 To satisfy his alimony obligation, Husband's workers' compensation carrier each month sent a check for $500.00 to Lehigh County Domestic Relations, which forwarded the money to Wife. Eventually, Husband's carrier sent the money to the Pennsylvania State Collection and Disbursement Unit ("PASCDU"), and Wife received her payments from that entity.

¶ 5 On July 20, 1999, Husband was granted a commutation of his workers' compensation benefits. Before the carrier would release the funds, however, it required the consent of Wife. When the parties could not agree on the division of the award, Wife refused to give her consent. The workers' compensation judge then ordered that the commutation award be placed in an escrow account. Accordingly, on August 19, 1999, a check for $85,029.00 was issued to Husband's attorney and Wife's attorney jointly, who then placed the funds in an interest-bearing escrow account. The signatures of both counsel were required before any funds could be withdrawn from the account. On March

---

1. The nature and circumstances of Husband's injuries as well as when they occurred are not contained in the record or the briefs.

22, 2001, $9,937.04 was withdrawn from the account and paid to Wife to satisfy an arrearage owed by Husband.[2]

¶ 6 On November 26, 2001, the trial court ordered that the remaining balance in the escrow account, $76,388.16, be forwarded to Lehigh County Domestic Relations, and that entity was to place the funds into an annuity escrow account maintained by a federally-insured financial institution, to be drawn upon monthly to pay Wife $500.00 for alimony. The order of court also provided that Wife's payments were to cease upon her cohabitation, death, or remarriage, and that if one of these events occurred, any amount remaining in the annuity account was to be paid directly to Husband. This appeal follows.

¶ 7 Husband raises one issue on appeal. He argues the trial court erred in determining that a post-divorce lump sum workers' compensation award is a marital asset subject to court order when the injury of a party occurred after the parties separated and the lump sum compensation was awarded after the parties were divorced. For reasons to follow, we find this issue waived.

¶ 8 Initially, we observe the parties have not cited what standard of review this Court is to utilize in the underlying matter. Husband refers us to two cases that "sets forth Pennsylvania standards in an action such as the one presently before" us, Appellant's brief at 7, however, those cases are inapplicable to the underlying issue.

¶ 9 We begin by stating that an appellate court may disturb the order of a trial court only where it determines that the court committed an error of law or abused its discretion. *Valles v. Albert Einstein Medical Center*, 569 Pa. 542, 805 A.2d 1232 (2002). Further,

> [u]nder § 3701(b) of the Divorce Code, "in determining whether alimony is necessary and in determining the nature, amount, duration, and *manner of payment of alimony*, the court shall consider all relevant factors," including seventeen enumerated factors. 23 Pa.C.S.A. § 3701(b).... "In determining whether a court has abused its discretion, we do not usurp the trial court's duty as finder of fact. The trial court's findings, if supported by credible evidence, are binding upon a reviewing court and will be followed."

*Miller v. Miller*, 744 A.2d 778, 788–89 (Pa.Super.1999) (internal citations omitted) (emphasis added).

¶ 10 Husband argues that under Pennsylvania law, post-divorce workers' compensation commutation awards intended to be payments for future earnings are not considered marital assets. Appellant's brief at 10. The entire essence of Husband's argument is that the trial court improperly determined that Husband's commutation award was marital property, and therefore, improperly "used equitable distribution principles to retroactively award those funds to the former spouse years after the separation and divorce of the parties." *Id.* We find Husband's argument specious since we have carefully reviewed the record and are unable to find where the trial court treats the commutation award as marital property. Indeed, Husband does not cite to where in the record his bald assertions have support.

¶ 11 Herein, it is undisputed that Husband's injuries occurred after the parties

---

**2.** Husband asserts this arrearage resulted from his inability to make alimony payments since his only income, i.e., disability benefits, had been escrowed and he was denied access to those funds. Moreover, since Husband had not begun receiving Social Security, he had no other source of income from which to pay Wife. Appellant's brief at 14.

separated, that Husband began receiving workers' compensation benefits before a divorce decree was issued, and he received a commutation of his workers' compensation benefits after the parties were divorced. Husband argues that under *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988), *Moore v. Moore*, 710 A.2d 633, 635 (Pa.Super.1998), and *Drake v. Drake*, 555 Pa. 481, 725 A.2d 717, 726 (1999), we are required to find the trial court erred in determining the commutation award marital property. As noted, there is *no* evidence that the trial considered Husband's award marital property. Thus, the cases Husband cites, which focus on equitable distribution of a commutation award and not alimony, are misplaced.

¶ 12 In *Ciliberti*, the parties filed for divorce after approximately twenty-one years of marriage. The parties were able to resolve most of the economical issues pertaining to the divorce, with the exception of the husband's disability pension. The master determined that the pension was marital property. We stated,

> We decline to hold that true disability payments are marital property subject to equitable distribution. Such benefits are intended to compensate the employee spouse for lost earning capacity. They are paid in lieu of the earnings which would have been paid to the employee if he or she had been able to work. They replace the future salary or wages which the employee, because of physical or mental disability, will not be able to earn. They are comparable to Workmen's Compensation disability payments. Post-divorce payments intended to compensate for an inability to work are not marital property.

*Ciliberti, supra,* at 582. Since the parties in *Ciliberti* stipulated that if the husband's pension entailed a retirement component it would be considered marital property, we

remanded the matter for further proceedings to determine what portion, if any, was for retirement and what portion was for disability, i.e., compensation for lost earnings.

¶ 13 In *Moore*, we reemphasized that pure disability benefits are not marital property and are subject to equitable distribution only when they cannot be separated from other proceeds that form part of the marital estate. On June 23, 1989, Moore was injured on the job, and he began receiving workers' compensation benefits. After approximately twenty-five years of marriage, Moore and his wife separated on August 17, 1991. The wife filed a complaint in divorce on December 16, 1991, and on December 17, 1991, Moore received a one-time lump sum payment of $89,602.50 to settle his workers' compensation claim. On June 6, 1997, the trial court issued a divorce decree, and included the husband's workers' compensation commutation award as marital property. We reversed and held that "[s]ince the proceeds of the workers' compensation award in question are clearly disability benefits related to compensation for future lost earnings beyond the final date of separation, the trial court erred in subjecting them to equitable distribution." *Id.* at 635–36.

¶ 14 In *Drake, supra,* after approximately sixteen years of marriage, the husband and wife separated in 1993 and were divorced in 1995. Several years before the separation, the husband was injured at work, and he began receiving workers' compensation benefits. In 1990, the husband and his employer entered an agreement in which the husband would receive a commutation of his workers' compensation benefits for $42,000.00. The commutation was to represent benefits the husband would have received from December 1989 through July 1998, approximately eight and one-half years. In determining equi-

table distribution, the master found that the commutation award was marital property since the workers' compensation benefits were received during the marriage and replaced wages earned during the marriage. The trial court adopted this finding, and it concluded the commutation award was reimbursement for lost wages during the marriage. We affirmed, and our Supreme Court affirmed.

¶ 15 In analyzing the issue as to whether the commutation award was marital property, our Supreme Court concluded that the issue depends on when the right to receive the award accrues. *Id.* 555 Pa. at 499, 725 A.2d at 726. The Court acknowledged that part of the husband's award included payments he otherwise would have received well beyond the parties' divorce and, thus, could be classified as future earnings. Nonetheless, "when Husband entered the commutation agreement he exchanged those future earnings for the right to receive one lump sum monetary award. The critical question is not whether the award represented a benefit period extending past the marriage, but whether the right to seek a commutation of those earnings accrued during the marriage." *Id.*

¶ 16 Husband's argument is that under these cases, his commutation award should not be deemed marital property for *equitable distribution* purposes. We agree. However, what Husband does not seem to understand is that the underlying issue concerns *alimony,* not equitable distribution. Under the Divorce Code, "[t]he [trial] court may impose a lien or charge upon property of a party as security *for the payment of alimony* or any other award for the other party." 23 Pa.C.S. § 3502(b) (emphasis added). It bears repeating that the parties in the matter *sub judice* entered into an agreement which the trial court adopted as an order of court whereby Husband would pay Wife permanent, non-modifiable alimony of $500.00 per month. Hence, while the commutation award may not be marital property, it certainly may be used to ensure Wife receives the alimony due her under the agreement.

■ ¶ 17 Husband has not cited any case law or authority that addresses the real issue in this case, that is, whether the trial court abused its discretion in ordering his commutation award to be placed in escrow to ensure Wife receives her alimony. It is not the duty of the Superior Court to scour the record and act as the appellant's counsel, and we decline to do so. *Andaloro v. Armstrong World Industries, Inc.,* 799 A.2d 71, 87 (Pa.Super.2002) (Pa.R.A.P. 2119(a) requires citation to pertinent authority for an issue to be addressed); *Commonwealth v. A.W. Robl Transport,* 747 A.2d 400, 405 (Pa.Super.2000) (when an issue is not developed in an appellate brief, it will be deemed waived); *In re Child M.,* 452 Pa.Super. 230, 681 A.2d 793, 799 (1996) (the Superior Court will not scour the record on an appellant's behalf trying to find mistakes by the trial court. It is the appellant's responsibility to precisely identify any purported errors).

¶ 18 We do note that even if we were to address the issue Husband should have raised, we would find the trial court did not abuse its discretion in ordering Husband's commutation award to be placed in escrow. In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court characterized Husband's award as "intend[ing] to compensate Defendant–Husband for his lost earning capacity as a result of his work-related disability. It replaced the future salary or wages which Defendant–Husband, because of his disability, would be able to earn. As such, it was an advanced disability benefit.... It is 'income'

for purposes of support." Trial Court Opinion, 1/23/02, at 3. We agree with this assessment.

¶ 19 It is not disputed that in the past, Husband failed to make alimony payments as he was ordered to do and as the parties agreed. While Husband contends this was through no fault of his own in that Wife was the reason he could not access funds with which to pay her, that does not excuse the fact that Husband did not pay Wife alimony for many months. At one point, Husband's arrearage to Wife totaled $9,937.04. Moreover, the trial court observed that Husband was unable to secure health insurance and life insurance due to various health problems. *Id.* at 4. The court was concerned that if Husband should incur health-related expenses, there may not be funds available to meet his alimony obligations to Wife. Finally, the court opined that since Wife was legally blind, indigent, and living in New York, "adequate provisions were made to ensure the payment of [Wife's] future alimony from such income; otherwise, the objective of insuring the payment and collection of alimony to meet [Wife's] future needs would be jeopardized." *Id.*

¶ 20 Based on the perceptive rationale of the trial court, and in view of the fact Husband has cited no authority arguing against this reasoning, we find no abuse of discretion. Arguments that are not appropriately developed by citation to authority are waived. *Korn v. Epstein,* 727 A.2d 1130, 1135 (Pa.Super.1999). "It is the Appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." *Miller,* *supra,* 744 A.2d at 788. Accordingly, we affirm the order.

¶ 21 Order affirmed.

¶ 22 BECK, J. Files a Concurring Statement.

BECK, J., concurring.

¶ 1 I agree that the order placing Husband's commutation award in an escrow account should be affirmed. I do so because the order implements an explicit contractual agreement entered by Husband and Wife on September 25, 1996 to the effect that Husband was to pay Wife permanent non-modifiable alimony amounting to $500.00 per month, subject to certain conditions which are not applicable in the instant litigation. The trial court entered an order that incorporated the parties' stipulation shortly before the court issued the parties' divorce decree. I therefore reason that Husband owes Wife $500.00 per month in alimony, regardless of whether he pays this sum from workers' compensation benefits, from the commutation of the workers' compensation benefits, or from any other source. We are not dealing with equitable distribution of marital property, but with the contractual agreement of the parties. I therefore would affirm the court's order.